FILED
DISTRICT COURT OF GUAM
MAY 03 2002
MARY L. M. MORAN
CLERK OF COURT

Honorable John S. Unpingco
Chief Judge
U.S. District Court of Guam

April 18, 2002

Re: USA V. Herbert Tudela Sablan, Criminal Case # 01-00101

Dear Chief Judge Unpingco,

**02-00014**

   I write to bring to your attention what I believe, and I have just discovered, is a clerical error in my judgement.

   I read in the PSI Report that I was reference to receive the full 3 points for exceptance of responsabilities, at page 6, and page 7 correctly calculated a total offense level of 21. However, the PSI Report erroniously noted only 2 points in that area of exceptance of responsability, at page 4, and as the result my sentencing range was erroniously set at 46 to 51 months, at page 12.

   If I had been credited properly with the 3 points for exceptance of responsability, and that figure of 3 points had been utilize, as it should have been, my sentencing range would have been 37 to 46 months; as set out on page 7 of the PSI Report.

   I submit the use of 2 points instead of 3 points in considertion of the area of exceptance of responsabilty was a clerical error; especially so as both calculation utilize a base offense level of 26. I respectfully submit this clerical error warrants your adjustment of my judgement from of a confinement sentence of 51 months to a confinement sentence 46 months. I believe this confinement sentence of 46 months appropriate because your Honor sentence me to the higher figure of the guideline range which was thought to be appropriate in my case, and I believe your Honor would like wise utilize the higher figure in sentencing me to confinement; utilizing the correct sentencing range of 46 months.

   I assure you the PSI Report is correct in allocating to me the full 3 points for exceptance of responsabilty because I from the outset clearly demonstrated an acceptance of responsabilty for my wrong doing. I timely gave complete cooperation and information to the government concerning my involvement in the offense from the first time I met with government agents. I also timely active to notify the government of my intention to plead guilty, as I signed the plea agreement the very first time my lawyer showed it to me; all as set forward in section #3 E1.1 of the Federal Sentencing Guidelines.

RECEIVED
APR 26 2001
DISTRICT COURT OF GUAM

1

I asked that you please review my case file and my PSI Report, and I hope will agree that a clerical error occoured in my sentencing, and that you can correct it now by just issueing an amended judgement; setting my confinement time now at 46 months.

I also respectfully asked that you at the time you issue my amended judgement you include as part as the amended judgement your recommendation to the BOP that I attend Residential Drug Treatment Program.

I specifically recall at my sentencing hearing your Honor said that you wanted me to attened this program, but my judgement does not contain your recommendation in writing.

I am currently participating the 40 hours Drug Rehabilitaition Program offered here at FDC Honolulu. Mr. Shelko, the unit manager for the unit I am living in at FDC Honolulu told me that I should write to see if I can have the recommendation that I attend the Residential Drug Treatment Program be put in writing as part of my judgement, because a written recommendation from the sentencing Judge assist in being able to and participate in this program.

I sincerely want to make the best use possible of my confinement time; while obtaining the benefits of the BOP's Drug Rehabilitation Program and your putting in writing, as part of my judgement, such a recommendation will help in my goal of rehabilitation of myself.

Very Respectfully,

*Herbert T. Sablan*

Herbert Tudela Sablan